```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS
```

**TEILL REYNOLDS,**

                          **Petitioner,**

            **v.**                                         **CASE NO.12-3129-SAC**

**WYANDOTTE COUNTY JAIL,**

                          **Respondent.**

**MEMORANDUM AND ORDER**

      This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. §2254. By its order of July 5, 2012, the court directed petitioner to show cause on or before July 27, 2012, why this matter should not be dismissed without prejudice to allow him to pursue state court remedies. Petitioner was advised the failure to file a timely response might result in the dismissal of this matter without prejudice and without additional notice. There has been no response.

      A court has the inherent power to dismiss an action for failure to prosecute in order to ensure the orderly and expeditious resolution of the cases on its docket. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631 (1962). Rule 41(b) of the Federal Rules of Civil Procedure provides, in part, "If the plaintiff fails… to comply with [court] rules or a court order, a defendant may move to dismiss the action or any claim against it." The Tenth Circuit Court of Appeals has interpreted this rule "to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003). Having considered the record, the court concludes this matter may be dismissed due to plaintiff's failure to

respond to the court's order of July 5, 2012.

    IT IS, THEREFORE, BY THE COURT ORDERED this matter is dismissed without prejudice.

    A copy of this order shall be mailed to the plaintiff.

    **IT IS SO ORDERED.**

    DATED: This 1st day of August, 2012 at Topeka, Kansas.

    S/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge